ROBERT CHALFANT, (STATE BAR NO. 203051)
LAW OFFICE OF ROBERT CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, California 95814
Telephone:    (916) 647-7728
Facsimile:    (916) 447-8336
E-Mail:       robert@rchalfant.com

Attorney for Plaintiff
DANA JAMES

BRUCE KILDAY, S.B. #66415
Email: bkilday@akk-law.com
DERICK KONZ, S.B. #286902
Email: dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
601 University Ave, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Facsimile: (916) 564-6263

Attorneys for Defendants
CITY OF OROVILLE, OFFICER
ROBERT SASEK, SERGEANT ALI KHAN,
and DOES 1-10.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DANA JAMES,<br><br>         Plaintiff,<br><br>vs.<br><br>CITY OF OROVILLE, OFFICER ROBERT SASEK, SERGEANT ALI KHAN, and DOES 1-10,<br><br>         Defendants. | Case No. 2:23-cv-00215-MCE-CKD<br><br>**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION; [PROPOSED] ORDER** |

1

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*James v. City of Oroville*, United States District Court, Eastern District of California, Case No. 2:23-cv-00215-MCE-CKD

## STIPULATION

Pursuant to Fed. R. Civ. P. 26(c), E.D. Cal. L.R. 141.1, and 45 C.F.R. § 164.512(e)(1)(v), the parties stipulate to the entry of a qualified protective order as follows:

1. The parties and their attorneys are authorized to receive, subpoena, and transmit "protected health information" pertaining to Dana M. James, and third-parties or non-parties to this action, including but not limited to that which is contained in the records of the County of Butte, WellPath, Enloe Medical Center in Chico, CA, and any other locations to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information to attorneys representing Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. Nothing in this section shall be construed to prohibit counsel in this matter from sharing information as permitted by law.

5. Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than this litigation.

2

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*James v. City of Oroville*, United States District Court, Eastern District of California, Case No. 2:23-cv-00215-MCE-CKD

6.	Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7.	This Order does not authorize either party to seal court filings or court proceedings. A party may seek permission from the Court to file protected health information under seal pursuant to E.D. Cal. L.R. 141.

IT IS SO STIPULATED.

Dated: April 24, 2023

Respectfully Submitted,
LAW OFFICE OF ROBERT CHALFANT

By: /s/Robert Chalfant
_____
Robert Chalfant

Attorney for Plaintiff
DANA JAMES

Dated: April 24, 2023

Respectfully Submitted,
ANGELO, KILDAY & KILDUFF, LLP

By: /s/Derick Konz
_____
Derick Konz

Attorneys for Defendants
CITY OF OROVILLE, OFFICER ROBERT SASEK, SERGEANT ALI KHAN

3

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*James v. City of Oroville*, United States District Court, Eastern District of California, Case No. 2:23-cv-00215-MCE-CKD

**~~[PROPOSED]~~ ORDER**

The parties' stipulation is GRANTED.

IT IS SO ORDERED.

Dated: April 25, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.james23cv215.PO

4

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*James v. City of Oroville*, United States District Court, Eastern District of California, Case No. 2:23-cv-00215-MCE-CKD